Lipscomb, J.
The facts proven and found by the jury fully sustain the decree in confirming tlie deed made to Palmer, and in annulling the deed for the same land described in lot No. 2 made by the sheriff to Andrews. But it is a rule of equity jurisprudence that the final decree ¿should adjust all tlie rights of tlie several parties to tlie bill as far as it can be done. The decree seems to be wrong in this: it is set out and alleged in the petition by Palmer that he had conveyed all his right to tlie land in question to Elizabeth O. Choat, who is a co-complainant with him. The decree should have then decreed that *247 all the title that Palmer had acquired to the land should he'vested in' Elizabeth O. Clioat. And tlie proof shows that Andrews, though not entitled to anything under the deed to him, made by mistake, was entitled on the bid of Phillips, taken by him off Phillips’ hands, to the laud described in the plat No. <1) one. Tlie decree must therefore be reversed and rendered by this court as it should' have been rendered by the court below, and the appellee, Palmer, pay the costs of this court.
Eeversed and reformed.